SOUTHERN SEATING & CABINET COMPANY v. GLADISH.

Opinion delivered April 10, 1916.

COUNTIES—CONTRACT TO PURCHASE CHATTELS—PERSONAL LIABILITY OF OFFICIALS.—The county judge and certain commissioners purchased furniture for the county courthouse, agreeing to pay for the same with county scrip, to be redeemed upon certain dates, the contract containing the words "to be guaranteed by us individually * * *." *Held,* the contract would not be construed as binding the officials to the individual payment of the debt, county warrants having been given to the seller in accordance with the agreement.

Appeal from Mississippi Circuit Court, Chickasawba District, *W. J. Driver,* Judge; affirmed.

*R. F. Spragins,* of Tennessee, for appellant.

The effect of the contract is that appellees individually promised for a valuable consideration, that in the event the county did not redeem the warrants that they would do so. 22 Cyc. 495; 9 *Id.* 580-583; 1 App. Cas. (D. C.) 223; 93 Ill. 599; 35 Am. Rep. 641; 18 S. E. 640; 6 Words & Phrases, 5675. The court erred in sustaining the demurrer.

*J. T. Coston*, for appelles.

The contract simply bound appellees to pay in scrip of Mississippi County. This was done and there was no further liability. 65 Ark. 75; 9 *Id.* 61.

McCulloch, C. J.     The defendants, one of whom was the county judge of Mississippi County, Arkansas, and the other three commissioners appointed by the county court of that county to purchase seats and other furniture for the court house, entered into a contract in the name of the county with the plaintiff, Southern Seating & Cabinet Company, for the purchase of a certain number of seats and other furniture, to be delivered at Osceola and installed in the county court house. A written contract was entered into covering the transaction and it was signed "Mississippi County, Arkansas, court house," by the commissioners, the name of each of the commissioners and the county judge having been signed following the name above mentioned.

A clause of the contract stating the undertaking on the part of the purchaser reads as follows: "To accept said furniture and pay for the same the sum of Nineteen Hundred Eighty-Six and 60/100 Dollars ($1,986.60) above sum to be paid in scrip issued by Mississippi County officials and to be redeemed by said county as follows: $232.20 in July, 1914; $249.40 in July, 1915; $266.60 in July, 1916; $283.80 in July, 1917; $301.00 in July, 1918; $318.20 in July, 1919; and $235.40 in July, 1920. Scrip to be issued and paid to Southern Seating and Cabinet Company when furniture is installed. All payments to be made by remittance direct to your office at Jackson, Tenn., unless otherwise directed by you in writing; deferred payments, if any, to be evidenced by notes properly executed in behalf of said Church, to be guaranteed by us individually, and to bear interest from date at the rate of at least 6 per cent."

The seats and furniture were duly installed in the court house and plaintiff instituted this action against the county judge and the commissioners, individually,

to recover the amount of the first installment payable under the contract, it being alleged in the complaint that a county warrant had been issued to the plaintiff for the amount of the first installment and presented to the treasurer for payment but was not paid. The circuit court sustained a demurrer to the complaint and, upon the plaintiff declining to amend, final judgment was entered dismissing the action. The plaintiff has appealed

We pass over, without discussion, the question whether or not the form of the signatures is sufficient to render the defendants liable individually for the amount of the plaintiff's claim. It is contended that under the contract itself, which in terms binds the defendants in their "official capacity and individually" (quoting from the contract), they are individually liable upon the failure of the county to redeem the scrip. We do not think that a correct interpretation of the contract imposes any such liability on the defendants. Their undertaking, conceding that it was individual as well as official, was to accept the furniture and pay for the same "in scrip issued by Mississippi County officials," and it appears from the allegations of the complaint that that undertaking has been fully discharged. It is true that the contract reads that the scrip is "to be redeemed by said county," but the language is not sufficient to constitute an undertaking on the part of the defendants that it shall be redeemed at the stated time and that they will pay in the event that it is not so redeemed. The language used was merely intended to indicate when the scrip was to be payable or redeemable by the county, and not to constitute an agreement on the part of the defendants to pay or redeem the scrip.

The contract was a very unusual one. A printed blank form was used which was not altogether adapted to this kind of a sale, but was interlined to express the terms that the parties intended. If it had been intended that the defendants should personally guarantee the redemption of the scrip, it could easily have been expressed in definite terms. The language of the contract is not

sufficient to warrant the circuit court in holding, even if there was personal liability at all that the defendants undertook to pay otherwise than by delivery of county warrants, which, according to the allegations of the complaint, they have done. The warrants were redeemable at the time specified in the contract, and the fact that there was not sufficient funds in the county treasury to redeem the warrants does not render the defendants liable for the amount.

The judgment of the circuit court is therefore affirmed.